OPINION
Defendant Brian S. Akerman appeals the June 28, 1999 judgment and order of the Hancock County Court of Common Pleas. The trial court sentenced the defendant to two consecutive eleven-month prison terms, following the defendant's guilty pleas to two fifth degree felony charges of domestic violence. The two charges arise from two separate incidents and have not been previously consolidated, but as both appeals arise from the same judgment and assign the same error to that judgment, we have consolidated them for purposes of opinion.
The facts on appeal are essentially undisputed, and arise from a series of domestic assaults by the defendant against his former live-in girlfriend Rebecca Havron. On June 23, 1998, defendant was convicted of a first-degree misdemeanor domestic violence charge, and was placed on a community control sanction. Defendant did not appeal this sentence, but on January 12, 1999 and pursuant to R.C. 2919.25(D), defendant was indicted on a fifth degree felony count of domestic violence for a second assault against Ms. Havron. Defendant was also charged with a probation violation. On May 10, 1999, defendant entered a guilty plea to the felony domestic violence charge, and the trial court ordered a pre-sentence investigation.
Prior to his sentencing, the defendant was involved in a third domestic assault against Ms. Havron, and as a result the defendant was indicted on a second fifth degree felony charge of domestic violence. Defendant entered a plea of guilty to that charge on June 14, 1999.
On June 28, 1999, the trial court sentenced the defendant for both felony charges of domestic violence and dismissed the probation violation charge. Defendant now appeals the felony sentences imposed upon him, and asserts the same assignment of error with the trial court's judgment as to both charges.
 The trial court deprived the appellant of his rights to fair sentencing under Ohio Revised Code § 2929 [sic] by sentencing him to consecutive sentences whose combined sentence exceeds the maximum allowable sentence for each 5th degree felony without detailing findings of the court on each prior sentence individually.
Defendant's assignment of error essentially argues that the trial court failed to make the findings necessary to impose sentences greater than the minimum sentence for each individual offense and also failed to make the findings necessary to impose consecutive sentences for his two domestic violence convictions. Cf. State v. Martin (June 23, 1999), Crawford App. No. 3-98-31, unreported at *10, 1999 WL 455320.
 [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
R.C. 2929.14(B).
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 (5) When consecutive prison terms are imposed pursuant to division (E)(1), (2), (3), or (4) of this section, the term to be served is the aggregate of all of the terms so imposed.
R.C. 2929.14(E)(4). In this case, the defendant does not argue that the trial court failed to consider the factors required to impose sentences greater than the minimum or consecutive sentences; rather, defendant argues that the trial court failed to specify which of the two cases the findings applied to. Defendant therefore concludes that we must reverse the sentences in both
cases.
We must first note that even if we were to accept defendant's contention that the trial court's failure to specify mandates reversal, we are skeptical of defendant's argument that a reversal is required in both cases. However, find no merit to defendant's argument in this instance, because our review of the sentencing hearing transcript reveals that the trial court did make sufficiently distinct findings for each individual case.
 Now in considering the principles and purposes of sentencing, the Court finds that we have a more serious factor [R.C. 2929.12(B)] here in that these offenses were facilitated by the offender's relationship with the victim, whether it's girlfriend, whether it's a live-in, whatever, these whole, both of these offenses turn on the fact that there was a relationship with Rebecca Havron [R.C. 2929.12(B)(6)]. The Court finds there are none of the less serious factors [R.C. 2929.12(C)] so the more serious factors outweigh the less serious factors.
 The Court finds the recidivism likely factors [R.C. 2929.12(D)] are present. In the second case you were out on bail when it happened [R.C. 2929.12(D)(1)], and in the first case you were on community control sanctions when it happened [R.C. 2929.12(D)(1)]. We have a prior adjudication history of criminal convictions that I outlined [R.C. 2929.12(D)(2)]. You have a failure to respond favorably in the past to probation [R.C. 2929.12(D)(3)]. 1993 shock situation, that ended up in your having that revoked and the re-incarceration [sic]. The presentence is replete with a failure to acknowledge a pattern of alcohol and drug abuse [R.C. 2929.12(D)(4)]. I think this morning perhaps you finally acknowledged that fact. The Court will say that there is apparently some remorse present in you comments today [R.C. 2929.12(E)(5)], however, the recidivism likely factors that I outlined far outweigh the recidivism unlikely factors.
 The Court then has to move under the statutes to 2929.13(B) which are some additional sentencing factors for fourth and fifth degree felony cases. The Court finds that the offender caused physical harm to a person in both these cases [R.C. 2929.13(B)(1)(a)], the Court further finds that you have previously served a prison term [R.C. 2929.13(B)(1)(g)], and that the second offense, well, both offenses were committed while you were on community control sanctions [R.C. 2929.13(B)(1)(h)]. The Court finds that in weighing the seriousness and recidivism factors, a prison term is consistent with the principles and purposes of sentencing, and that you are not amenable to community control sanctions [R.C. 2929.13(2)(a)].
 In [Hancock App. No. 5-99-32], the Court orders that you serve a term of 11 months with the Ohio Department of Rehabilitation and Correction, that you make any applicable restitution, and that you pay the court costs. The Court orders in [Hancock App. 5-99-33], that you serve a like 11 month sentence with the Ohio Department of Rehabilitation and Correction, that you make any applicable restitution, and that you pay the court costs.
 The Court further finds that a minimum sentence is not appropriate, you have been sentenced to prison before [R.C. 2929.14(B)]. The shortest sentence would demean the seriousness of the offense, and not adequately protect the public from any potential future conduct.
 In addition, pursuant to [former R.C. 2929.14(E)(3), current R.C. 2929.14(E)(4)], the Court finds that the sentence[s] * * * will be served consecutively, one after the other, that this is necessary to protect the public [R.C. 2929.14(E)(4)], punish the offender [R.C. 2929.14(E)(4)], it's not disproportionate to the conduct before the Court [R.C. 2929.14(E)(4)] and the danger the offender poses to the victim Rebecca Havron and the general public [R.C. 2929.14(E)(4). In addition, these crimes were committed while you were under sanctions in Case No. 98-7 CR [R.C. 2929.14(E)(4)(a)], and as well as a presentence in [Hancock App. No. 5-99-32], at least in the second case [R.C. 2929.14(E)(4)(a)]. (Emphasis and references to Ohio Revised Code added).
As the foregoing excerpt demonstrates, the trial court scrupulously complied with the dictates of Revised Code Chapter 2929 at defendant's R.C. 2929.19 sentencing hearing. Cf. State v.Edmonson (1999), 86 Ohio St.3d 324, 327-28. Moreover, it is clear that the trial court's findings were intended to apply to both charges unless it stated otherwise, which it did on several occasions. The defendant's proposed rule, which would require the trial court to make that finding twice in the same hearing, is not mandated by the sentencing statutes and serves no legitimate sentencing purpose. Cf. R.C. 2929.11. In this case, the trial court made very specific findings and provided the reasons that guided and determined its ultimate sentencing decisions, resulting in a complete and valid sentence. Cf. State v. Martin (June 23, 1999), Crawford App. No. 3-98-31, unreported at *10, 1999 WL 455320; see also State v. Edmonson, 86 Ohio St. at 329.
Finally, the defendant apparently does not contend that the trial court's factual findings are not "clearly and convincingly" established in the record or are contrary to law.[1] Cf.State v. Martin, Crawford App. No. 3-98-31 at *6; R.C.2953.08(G)(1). Here, the defendant has argued only that the trial court failed to make the proper findings to justify its' sentence, and does not contend that the findings that the court did make are incorrect. Cf. id. at 5-6. Therefore, because we have concluded that the trial court made findings that support its sentencing decisions and that the defendant's sentencing hearing was proper in every respect, we overrule defendant's sole assignment of error and affirm the judgment of the Hancock County Court of Common Pleas in both cases.
Judgments affirmed.
HADLEY and WALTERS, JJ., concur.
[1] Although the State has argued that the standard of review of a trial court's sentence is abuse of discretion, we observe that R.C. 2953.08(G)(1) allows a reviewing court to vacate a sentence and remand it to the trial court for resentencing only if the appellate court finds, by clear and convincing evidence, that: "(a) the record does not support the sentence; * * * [or] (d) [t]hat the sentence is otherwise contrary to law."